IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL P. AUGUSTA | ) | CIVIL NO. 12-00664 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT PREPAYMENT OF |
| | ) | FEES |
| BLOCK BY BLOCK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES[1]

Before the Court is Plaintiff's Application to Proceed

Without Prepayment of Fees ("Application"), filed on December 10,

2012.  ECF No. 3.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d) of the

Local Rules of Practice for the United States District Court for

the District of Hawaii.  After careful consideration, the Court

FINDS AND RECOMMENDS that the district court DENY Plaintiff's

Application.

BACKGROUND

On December 10, 2012, Plaintiff Michael P. Augusta

filed a Complaint alleging that Block By Block, LLC discriminated

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

against him based on his race, age, and sex.  ECF No. 1 at 2.

Plaintiff alleges that Defendant discriminated against him by

terminating his employment while a younger female employee with

less experience was not terminated.  ECF No. 1 at 3.  Plaintiff

attached to his Complaint a right-to-sue letter from the Equal

Employment Opportunity Commission dated September 13, 2012.  ECF

No. 1-3.

## DISCUSSION

Federal courts may authorize the commencement or

prosecution of any suit without prepayment of fees by a person

who submits an affidavit that the person is unable to pay such

fees pursuant to 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is

sufficient which states that one cannot because of his poverty

pay or give security for the costs and still be able to provide

himself and dependents with the necessities of life."  Adkins v.

E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)

(quotations omitted); see also United States v. McQuade, 647 F.2d

938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must

"state the facts as to affiant's poverty with some particularity,

definiteness and certainty").  In determining whether to grant an

application to proceed without prepayment of fees, the Court is

guided by whether the applicant's yearly income surpasses the

poverty threshold.  The Department of Health and Human Services

("HHS") 2012 Poverty Guidelines indicate that the poverty

threshold for a one-person family in Hawaii is $12,860.  Annual

Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan.

26, 2012).

        Plaintiff's Application states that he is not employed,

but that he receives $1,562 per month in Social Security

payments.  ECF No. 3 at 2.  This results in an annual income of

$18,744.  Plaintiff also states that he received weekly

unemployment insurance payments of $216 through December 2012 and

owns real estate worth approximately $350.  Id. at 2.  Plaintiff

does not have anyone who is dependent on him for support.  Id.

Plaintiff's identified monthly expenses are approximately $1,000.

Id. at 7.  Based on the information provided in the Application,

Plaintiff's income exceeds the $12,860 poverty threshold for a

single individual in Hawaii.  See Annual Update of the HHS

Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 26, 2012).  The

Court therefore FINDS that Plaintiff does not qualify as a person

who is unable to pay or give security for court fees and

RECOMMENDS that the district court DENY Plaintiff's Application.

                          CONCLUSION

        In accordance with the foregoing, the Court FINDS AND

RECOMMENDS that Plaintiff's Application to Proceed Without

Prepayment of Fees, filed December 10, 2012, be DENIED.  If

Plaintiff wishes to proceed with this action, he must remit the

appropriate filing fee within thirty (30) days from the date that

3

this Findings and Recommendation is acted upon by the district court.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 18, 2012.



Richard L. Puglisi
United States Magistrate Judge

AUGUSTA V. BLOCK BY BLOCK, LLC; CIVIL NO. 12-00664 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES