IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL P. AUGUSTA, | ) | CIVIL NO.  12-00664 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLOCK BY BLOCK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**
**AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**

On December 18, 2012, the magistrate judge filed his Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees ("F&R").  [Dkt. no. 5.]  On December 31, 2012, Plaintiff Michael P. Augusta ("Plaintiff"), filed his objections to the F&R ("Objections").  The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Objections and the relevant legal authority, the Court HEREBY DENIES Plaintiff's Objections and ADOPTS the magistrate judge's F&R for the reasons set forth below.

**BACKGROUND**

On December 10, 2012, Plaintiff filed a Complaint alleging that Block By Block, LLC discriminated against him based on his race, age, and sex.  Plaintiff alleges that Defendant discriminated against him by terminating his employment while a younger female employee with less experience was not terminated.  Plaintiff attached to his Complaint a right-to-sue letter from the Equal Employment Opportunity Commission dated September 13, 2012.

**I.   IFP Motion and F&R**

On December 10, 2012, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP Motion").  [Dkt. no. 3.] In the F&R, the magistrate judge found that, based upon the information submitted by Plaintiff in his IFP Motion, Plaintiff's income exceeds the $12,860 poverty threshold for a single individual in Hawai`i.  [F&R at 3 (citing Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 26, 2012)).] As such, the magistrate judge found that Plaintiff does not qualify as a person who is unable to pay or give security for court fees pursuant to 28 U.S.C. § 1915(a)(1), and recommended that Plaintiff's IFP Motion be denied.  [Id.]

**II. Objections**

Plaintiff objects to the F&R presumably on the grounds that, because of his existing debts and monthly expenses, he is

unable to afford the fees associated with filing his employment discrimination suit. Along with his Objections and Amended IFP, Plaintiff submits additional documentation regarding his current debts and monthly expenses.

## STANDARD

Any party may file objections to a magistrate judge's findings and recommendation within fourteen days after the party is served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1 988). The district court need not hold a *de novo* hearing; however, it is the court's

obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

"[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Raddatz, 447 U.S. at 676 (citation omitted); accord Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz). Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## DISCUSSION

Plaintiff objects to the magistrate judge's F&R on the basis that he cannot afford to pay the fees associated with the filing of his employment discrimination suit. This Court may authorize the commencement of a suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."

Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)(quotations omitted).

As the magistrate judge stated, in determining whether to grant an application to proceed without prepayment of fees, the Court must determine whether the applicant's yearly income surpasses the poverty threshold.  The Department of Health and Human Services ("HHS") 2013 Poverty Guidelines indicate that the poverty threshold for a one-person family in Hawai`i is $13,230. Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 24, 2013).

Plaintiff's Objections state that he is not employed, and that he now receives $1,586 per month in Social Security payments, up from the $1,562 per month that he reported to the magistrate judge.  [Objections at 6.]  This results in an annual income of $19,032.  Plaintiff also states that he owns real estate worth approximately $350, and that he received weekly unemployment insurance payments of $216 through December 2012. [Objections, Exh. A (Revised IFP Application).][1]  As such,

---

[1] Plaintiff submitted Supplemental Objections to the F&R on January 28, 2013, [dkt. no. 7,] indicating that his unemployment benefits have been extended to March 3, 2013, and that he will be receiving $217.00 per week until then.  While the Court appreciates Plaintiff's forthrightness and thoroughness with respect to the instant Objections, the Court notes that Plaintiff's Supplemental Objections are not authorized under Rule LR74.1 of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  Even if the Rules permitted his submission, however, it would only serve to further
(continued...)

Plaintiff's annual income clearly exceeds the poverty threshold for an individual in Hawai`i.  The Court acknowledges that Plaintiff's numerous monthly expenses and his stated debts consume much of his monthly income, and the Court is extremely sympathetic to his arguments.  Nevertheless, Plaintiff's Objections and Revised IFP Application do not establish that he cannot both pay the costs of litigating this case "and still be able to provide himself . . . with the necessities of life."  See Adkins, 335 U.S. at 339 (internal quotation marks omitted).

The Court therefore DENIES Plaintiff's Objections to the F&R.

## CONCLUSION

On the basis of the foregoing, the Court HEREBY DENIES Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation, filed December 31, 2012, and ADOPTS the magistrate judge's Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees, filed December 18, 2012.

IT IS SO ORDERED.

---

[1](...continued)
reenforce this Court's finding that, unfortunately, Plaintiff has cannot demonstrate he meets the requisite poverty threshold.

DATED AT HONOLULU, HAWAII, January 30, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MICHAEL P. AUGUSTA V. BLOCK BY BLOCK, LLC; CIVIL NO. 12-00664 LEK-RLP; ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION